**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| WHOOP, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>SERENITY GROUP (d/b/a AURORA), )<br><br>Defendant. ) | Civil Action No.<br>25-13578-FDS |

**MEMORANDUM AND ORDER ON PLAINTIFF'S**
**MOTION TO AUTHORIZE ALTERNATIVE SERVICE VIA EMAIL**

**SAYLOR, J.**

This is a trade-dress infringement case.  Plaintiff Whoop, Inc., a United States company,

alleges that defendant Serenity Group (d/b/a Aurora), a French company, manufactures and sells

a health-monitoring device that infringes on its intellectual-property rights.  It seeks monetary

and injunctive relief under federal law and Mass. Gen. Laws ch. 93A.

The issue presently before the Court involves Whoop's attempt to serve the defendant

with process.  Whoop attempted to serve defendant at its address listed in French business

registry records but was unsuccessful in doing so.  It now seeks authorization, under Federal

Rule of Civil Procedure 4(f)(3), to serve Serenity Group using the email address listed on its

website.  For the reasons that follow, the motion will be granted.

I.    **Background**

A.    **Factual Background**

Whoop, Inc., is a U.S.-based technology company that produces the "WHOOP

Wearable," a device that "allows consumers to track daily behaviors and metrics like sleep,

strain, recovery, and more, to help users optimize their physical and mental performance." (Compl. ¶¶ 5, 17-19).  Whoop released the first commercial version of the WHOOP Wearable in 2015.  (*Id.* ¶ 20).  Although the device has since gone through several iterations, all versions have included the same "non-functional and distinctive trade dress," consisting of "a continuous fabric band that wraps over the device (i.e., a faceless device) with thin metal accents on the sides of the device."  (*Id.* ¶ 21).  According to the complaint, "[a]s a result of long and exclusive use, sales, advertising, and third-party recognition," the design of the WHOOP Wearable has become strongly associated with Whoop, Inc.  (*Id.* ¶¶ 27, 41).

Serenity Group, doing business as "Aurora," is a manufacturer of health monitoring wearable devices; it is headquartered in France.  (*Id.* ¶¶ 6, 42).

In October 2025, Whoop became aware that Aurora was selling what appeared to be a knockoff version of the WHOOP Wearable on its website.  (*Id.* ¶ 43).  On October 7, 2025, WHOOP sent a letter to Aurora demanding that it cease and desist the sale and manufacture of its knockoff devices, which Whoop alleged infringed on its trade-dress rights.  (*Id.* ¶ 49).  Aurora did not respond to the letter.  (*Id.* ¶ 50).

### B.    **Procedural Background**

Whoop filed this action on November 25, 2025.  At the same time, it moved for a preliminary injunction restraining Aurora and its affiliates from offering, promoting, or selling the allegedly infringing product. (Dkt. No. 6 at 1-2).

Whoop then attempted to serve process on Aurora.  Following domestic French law, as permitted under the Hague Convention, Whoop hired a bailiff to serve Aurora at the address listed on its website and in French corporate records:  19 Rue de la Félicité, Paris.  (Dkt. No. 16 at 1-2).  On December 1, 2025, the bailiff attempted to serve Aurora at that address, but learned that Aurora was no longer located there.  (*Id.* at 2).  Neither Aurora nor Serenity Group appeared

on the letterboxes or list of occupants at that address and, after meeting with the building's

caretaker, the bailiff learned that Aurora had moved two years ago without leaving a forwarding

address.  (*Id.*).

Whoop then filed the present motion on December 9, 2025, seeking leave under Fed. R.

Civ. P. 4(f)(3) to serve Aurora using email at info[at]aurora-ring.com.  (Dkt. No. 15).

## II.    Legal Standard

Rule 4 of the Federal Rules of Civil Procedure sets forth the acceptable methods for

service of process.  "Unless federal law provides otherwise," a corporation that is to be served

"at a place not within any judicial district of the United States" must be served "in any manner

prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

Fed. R. Civ. P. 4(h)(2).

Rule 4(f), in turn provides that unless federal law requires otherwise, "an

individual . . . may be served at a place not within any judicial district of the United States":

> (1) by any internationally agreed means of service that is reasonably
> calculated to give notice, such as those authorized by the Hague
> Convention on the Service Abroad of Judicial and Extrajudicial
> Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement
> allows but does not specify other means, by a method that is reasonably
> calculated to give notice . . . ; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

## III.    Analysis

The United States and France are both parties to the Hague Convention on the Service

Abroad of Judicial and Extrajudicial Documents, or Hague Service Convention.  *See Status

Table*, HCCH (Mar. 21, 2024), https://perma.cc/VZ54-RVY5.  The Supreme Court has

recognized that the Convention is "mandatory" in cases where it applies.  *See Volkswagenwerk AG v. Schlunk*, 486 U.S. 694, 699 (1988).

The Hague Convention does not apply, however, where "the address of the person to be served with the document is not known."  Hague Convention on Service Abroad of Judicial and Extrajudicial Documents art. 2, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, 173.  Based on plaintiff's unsuccessful effort to serve defendant at its registered address, the Court is satisfied that defendant's address is unknown such that the Hague Convention does not apply.

Therefore, the only question is whether the Court should authorize alternative service under Rule 4(f)(3).  As other courts have recognized, "whether to order [alternative] service of process under Rule 4(f)(3) is committed to the sound discretion of the district court."  *United States v. Lebanese Canadien Bank SAL*, 285 F.R.D. 262, 266 (S.D.N.Y. 2012) (quoting *Madu, Edozie, & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010)).  In determining how to exercise that discretion, some courts have held that a plaintiff "must make some showing of the need for judicial intervention.  The showing that must be made has frequently been described as follows:  (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary."  *Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210, 217 (S.D.N.Y. 2021) (quoting *Gang Chen v. China Green Agric.*, 2021 WL 103306, at *2 (S.D.N.Y. Jan. 6, 2021)).

Under the circumstances, the Court will permit alternative service by email.  Plaintiff has shown that it attempted to serve defendant in accordance with French law but was unable to do so because defendant has not provided its current address, as presumably required by French law.  And the Court's intervention is necessary because, other than service by email, there is no

4

obvious method by which plaintiff may seek to serve defendant.  Because plaintiff has "demonstrate[d] that it made reasonable efforts to employ the procedures of the Hague Convention, and . . . such efforts have not been successful," the Court finds that alternative service under Rule 4(f)(3) is appropriate.  *See Whoop, Inc. v. Shenzhen Lexqi Elec. Tech. Co.*, 2025 WL 2938284, at *5 (D. Mass. Oct. 16, 2025).

The only remaining question is whether email is an appropriate method of service. Although the text of Rule 4(f)(3) gives a court apparently unbounded discretion to choose a method of alternative service, in order to comport with due process, a method of alternative service must "be reasonably calculated to provide notice and an opportunity to respond." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  Service at the email address plaintiff has identified meets that requirement.  It is listed on defendant's website as the way interested parties should contact it—the same site through which defendant offers the allegedly infringing product for sale.  (Dkt. No. 16 at 7).  And plaintiff previously sent a cease-and-desist letter to that address that was not returned as undeliverable, suggesting that it is still an active address.  Under the circumstances, and considering the large number of courts that have authorized service by email under Rule 4(f)(3), the Court will authorize service of process by email.  *See, e.g.*, *Mestek, Inc. v. Shenzhen Mestek Elecs. Co.*, 2025 WL 2977906, at *3 (D. Mass. Oct. 22, 2025).

## IV.    Conclusion

For the foregoing reasons, plaintiff's motion to authorize alternative service of process is GRANTED.  Plaintiff shall serve defendant with a copy of the complaint, summons, its motion for a preliminary injunction and the supporting documents, and a copy of this order at

info[at]aurora-ring.com, along with a translation of each of the same into French.  The Court will

address plaintiff's motion for a preliminary injunction once service has been effected.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  April 10, 2026                    United States District Judge